UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KASAAD DORSEY,

                Petitioner,

    v.                                                    9:15-CV-0821
                                                            (GLS)

DANIEL F. MARTUSCELLO,

                Respondent.
_____

APPEARANCES:                                OF COUNSEL:

KASAAD DORSEY
13-A-5356
Petitioner, pro se
Coxsackie Correctional Facility
Box 999
Coxsackie, NY 12051

HON. ERIC T. SCHNEIDERMAN            PRISCILLA I. STEWARD
New York State Attorney General             Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

GARY L. SHARPE
Senior United States District Judge

## DECISION and ORDER

      Petitioner Kasaad Dorsey filed a letter motion requesting discovery. Dkt. No. 21,

Letter Motion. He seeks trial, sentencing, local court arraignment and preliminary hearing

transcripts for his 2014 second degree assault conviction, arguing the transcripts will show:

(1) the evidence was insufficient to support his conviction; (2) his motion to set aside the

verdict pursuant to New York Criminal Procedure Law (CPL) §330.30 was improperly denied;

and (3) he was arraigned twice. *Id.* at 2. Respondent opposes the motion. Dkt. No. 22, Declaration in Opposition to Petitioner's Motion for Discovery; Dkt. No. 22-1, Exhibits.[1] For the reasons that follow, petitioner's discovery request is denied.

Pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas court may order discovery where a party demonstrates good cause. *See* Rule 6, Rules Governing Section 2254 Cases in the United States District Courts; *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (holding that petitioners in habeas proceedings are "not entitled to discovery as a matter of ordinary course," but that discovery may be ordered pursuant to the discretion of the court and upon a showing of "good cause"). Good cause exists "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)).

Petitioner failed to show that the transcripts he seeks would support his habeas petition or assist him in demonstrating entitlement to habeas relief. *Bracy*, 520 U.S. at 904 (before deciding whether discovery should be allowed pursuant to Rule 6, the district court must identify the "'essential elements'" of the petitioner's habeas claims the requested discovery would support) (quoting *United States v. Armstrong*, 517 U.S. 456, 468 (1996)); *see Toolasprashad v. Tyron*, No. 1:12-CV-0734, 2013 WL 1560176 at *3 (W.D.N.Y. Apr. 11, 2013) (denying petitioner's motion for discovery because the documents responsive to the discovery demands "would not expose relevant evidence that would advance this habeas

---

[1] Respondent argues that petitioner's appellate counsel has the transcripts petitioner seeks, and references "a letter from the Appellate Division to petitioner's appellate counsel." Dkt. No. 22 at 3, ¶ 8. The attached letter is from the Appellate Division to attorney Joe Landry, dated January 5, 2016, and involves appeal number "105466, People v. Tyquanne D. Madison." Dkt. No. 22-1. Because this letter does not appear to be related to petitioner or to his direct appeals, the Court will disregard it.

2

proceeding."). Petitioner is not challenging his 2014 assault conviction in this proceeding.[2] Instead, he argues that the state courts improperly denied his applications for release on bail pending his direct appeals of both his 2014 assault conviction and his 2013 attempted third degree criminal possession of a controlled substance conviction. Dkt. Nos. 1, 1-2, Petitions. His discovery request is therefore denied.

Respondent answered petitioner's habeas petitions on October 27, 2015. Dkt. No. 14, Answer in Opposition to the Petition for a Writ of Habeas Corpus; Dkt. No. 14-1, Respondent's Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus; Dkt. No. 15, State Court Records. On December 14, 2015, the Court received petitioner's reply with exhibits. Dkt. No. 20, A Traverse Reply to Answer in Opposition to the Petition for a Writ of Habeas Corpus; Dkt. No. 20-1, Exhibits. Should the Court determine that additional information or documents are necessary to decide the issues contained in the petition, the parties will be so notified.

Briefing in the case is now closed. The petition is under review and will be decided in due course. No further submissions will be accepted for filing without prior permission. Submissions received for filing without prior permission will be stricken from the docket.

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for discovery (Dkt. No. 21) is **DENIED**; and it is

---

[2] Petitioner's direct appeal appears to remain pending. Any challenge in this Court to the underlying assault conviction would, therefore, be premature and subject to dismissal. *See* 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii) (providing that an application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (a petitioner seeking federal habeas relief "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

3

further

**ORDERED** that briefing in the case is closed, and the petition is under review and will be decided in due course. No further submissions will be accepted for filing without prior permission. Submissions received for filing without prior permission will be stricken from the docket; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules; and it is further

**ORDERED** that the Clerk send petitioner an updated docket sheet.

**IT IS SO ORDERED.**

January 27, 2016
Albany, New York

*Gary L. Sharpe*
U.S. District Judge